Mr. Justice CATRON
 

 delivered the opinion of the court.
 

 The question arising on'the charge of-the Circuit'Court is, What interest had the husband, Sessions, in the property in controversy at the time it was levied on for his debts.' If he had any subject to' execution, it was acquired- by the marriage with his wife as owner. Her right, depended on the will of. her father.
 

 Russell Smith died in 1836, in.the state of Mississippi, leaving a last will and testament, duly proved in Warren county, (27th July, . 1836,) leaving E. J., Sessions, P. W.JDefranee, John Lane, and George Selser his executors; and also leaving John Lane-testamentary guardian to the testator’s only child, Martha Ann Smith. Sessions, Lane, and Selser qualified, as executors,
 

 'The testator first provided, that his debts should be paid by the .proceeds of crops from his plantation,' and that the force should be kept together, until the crops paid the same, not exceeding two, however.
 

 He next gave to his step-son, William D. Griffin, a section of land, and various slaves, to be delivered to this devisee, wfien he arrived atthe age of twenty-one years: ■ But should he die before, ■then, and in that event, the property, real and personal was to be divided between E. J. Sessions, P.-W. Defiance, W.- Le Defiance and Charles A. Defiance, provided they should be' living — if not, the property to revert to the estate to be disposed of as thereinafter provided. . .
 

 2. All the remaining balance of the estate real and personal is devised to tire daughter, Martha Ann Smith — and should all of the devisees mentioned .in the first clause be dead before William D. Griffin attained twenty-one years of age, then the whole estate was to be inherited by said Martha Ann. “But at all events (says the will) the property is to be kept together and the force worked on
 
 *634
 
 the plantation until my said daughter Martha Ann arrives at the age of Eighteen years; at which time my executors are to deliver over to her all of the property .first set apart for her, and still retain the possession of the legacy to W. D. Griffin, and not deliver it to her if he lives until he is twenty-one years of age.” The proceeds of the erops to be vested in young slaves, in the mean time.
 

 If the daughter should die before she arrive at the age .of eighteen, or had an heir of her body, then the legacy left her, (and that left to Griffin also, if vested in ner,) are directed to be disposed of otherwise — in charities, &c.
 

 At about sixteen years of age Martha Ann married Egbert J. Sessions, one of the executors, who had the principal management of the estate, and possession of the property. For the additional facts we refer to the statement of the reporter. On this -proof the court instructed the jury,
 
 “
 
 that the property devised and bequeathed by the will of- Russell Smith to- the claimant, Martha A., did not vest in her, nor was she entitled to the possession of it until she, the claimant, arrived at the age of eighteen years; and although she married the defendant in the execution before that- time, the title of the property could not be vested in him, until the claimant attained-eighteen years of age, at which time, under the will, she became entitled to the possession of it; that the property in controversy is a chose in action, and could not vest in her husband until she or he had' reduced it to possession, which could not bé done, -by the terms. of the will; before she was eighteen years of age. If, therefore, when the act of the Mississippi legislature, securing to married women their property, free from the debts of their husbands, (which went into effect in April, 1839,) the claimant had not'attained the age of eighteen years, the husband had no legal estate in it, and it could not be subject to this execution; ¡and if they believe from the evidence, that the possession held by Egbert J. Sessions, one.'of the defendants in the execution, was held as executor up to that time jointly with the other executors,-such -possession vested in him no legal'interest by his marriage with the claimant, either to. the land or slaves, or other personal property.”
 

 As the legacy "was outstanding at the time of the marriage, the title was in the executors, subject, first, to the payment of debts; and then the claim of the devisee: but on the contingency, that until the daughter arrive at eighteen, or had an heir of her body, she should in the mean time take nothing more than a support; and this whether she married or not, for a marriage was contemplated as possible before the age of eighteen, as the becoming a mother before was provided for, so that the child might take through the mother.
 

 We think it is free from doubt that the executors had no power to deliver possession of the property devised to the daughter before either of the contingencies above occurred; and that an attempt to do so, either to the guardian,.or to the husband, would'have been
 
 *635
 
 void, because in violation of tbe manifest intention of tbe testator: It follows, that until the wife arrived at the age of eighteen, or had an heir of her body, the-husband could only hold possession as executor. Had he died before, then w;e think it clear, the wife would have taken, and not the personal representative of tihe husband, as the executors could not assent in his behalf to the vestiture of thé legacy in possession. Provisions in wills, that the executors shall retain the property devised until the devisee is of lawful age, and postponements to later periods, are of common occurrence; the executors having assumed the ¿rust, are held to its execution — on their responsibility and prudence the testator relied, and not on future husbands that young and orphan daughters might marry; nor on guardians selected by indiscreet and incompetent minors. These evils are too prominent, and have • too long employed the anxious cares of prudent .testators, for this court to lend its sanction in any degree to impair the -guards interposed by wills, whereby the rights of possession and enjoyment are withheld from devisees. As the testator could have .cut them off altogether if he would, there is no ground for complaint recognised in courts of justice: And yet less ground for complaint is there in a case like the present, where an individual creditor- of the husband seeks to defeat the plain provisions of the will, by an assumption that the marital rights superseded the executorial duties, and conferred a power to deliver possession, which the will expressly prohibited.
 

 Mrs. Sessions attained the age of eighteen in June, 1840. In April, 1839 the act of Mississippi took effect, by which it is provided — that when.any woman possessed of property in slaves shall marry, her property in such slaves, and their natural increase, shall continue to her, notwithstanding her coverture; and she shall have, hold,' and possess the same, as her separate property,- exempt from any liability for the debts or contracts of' the husband: And when any woman during coverture shall become entitled to, or possessed of, sláves by conveyance, gift, inheritance, distribution, or otherwise, such slaves shall inure and belong to the wife in like manner, as is above provided as to slaves which she may possess at the time of marriage.
 

 As -the right of distribution in this case was postponed until after the act of 1839 took effect, the wife could- only take 'the slaves exempt from the husband’s debts; — we say, could, because it.does not appear that the executors-o-f Russell Smith have assented to the legacy and. delivered possession'to the legatee, Martha Ann-.
 

 Without saying more, we are of opinion the charge of the Circuit Court to the jury was proper, and that the judgment must be affirmed.