CASE 25—PETITION EQUITY—FEBRUARY 4.

## Hutchinson et al. vs. James et al.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. No particular form of words is necessary to create a separate estate. Any words which clearly show an intention to do so are sufficient.

2. See the opinion for words in a will held sufficient to create a separate estate.

WALL & RAY, for appellants, cited 16 *B. M.*, 376; 14 *B. M.*, 247; 13 *B. M.*, 383; *Story's Eq.*, *secs.* 1382-3; 2 *Met.*, 506; *Clancy on Rights*, 262; *Sess. Acts*, 1845-6, *p.* 42.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT:

The only question in this case is, whether or nor Mrs. Johnson took a *separate estate* in the land devised to her by her father? He left a large estate, real and personal, and three daughters, one of whom, Mrs. Johnson, was married. By the first clause of the will, after reciting that he had given certain land to Mrs. Johnson, he gave " to her one thousand dollars more, which her husband, James L. Johnson, can use as he may think proper." By the second and third clauses he made specific devises to his other daughters. The fourth clause is as follows:

" All the rest and residue of my estate not herein otherwise devised, I devise and require to be equally divided among my three above named daughters, for their own use and benefit, and [which] with that herein [before] devised is not to be in any manner or way subject to the payment of their husbands' debts, as my object is to secure my estate to my daughters for their support and maintenance, which I believe can be legally done without the intervention of a trustee; but if it cannot, then I appoint my friend, James Weir, trustee for my three daughters, to hold the whole estate devised to them in trust for the purposes named in this will."

It is so well settled, that we need not cite authorities to prove, that no particular form of words is necessary to create a separate estate; but that any words, which clearly show an intention to do so, are sufficient for the purpose. It seems to us that this will must strike any one, at first blush, as evincing an intention to give a separate estate to Mrs. Johnson, and that a critical examination of its provisions cannot fail to confirm that impression.

It has been held that a separate estate was created by a bequest of a fund to married and unmarried women, " to be equally divided between them, share and share alike, for their own use and benefit, independent of any other person "

(*Margetts vs. Barringer*, 7 *Sim.*, 482); by a devise to a wife " free from the power of her husband " (*Ogle vs. Corthorn*, 9 *Jur.*, 325); by a bequest of debts to a married woman, with a direction that they should be given up to her whenever she should demand or require them (*Dixon vs. Olivers*, 2 *Cox*, 414); and by the bequest of a legacy to trustees for the support and maintenance of the wife of A, and the support and education of his children (*Cope vs. Cope*, 2 *Y. &. C. Eq. Ex.*, 543); and in *Darley vs. Darley*, 3 *Atk.*, 399, Lord Hardwicke expressed the opinion that a devise to a trustee for the " livelihood " of a married woman, would give her a separate estate.

If Mrs. Johnson did not take a separate estate under the will, the right to bank stocks and other chattels given to her vested absolutely in her husband, and the preservation of them, by her or her trustee, for her support and maintenance, would have been impossible. We therefore incline to the opinion, that, if there had been nothing more than a devise of the estate for her support and maintenance, it would have given her a separate estate in both the real and personal property, all of which is embraced in the same clause. That such was the testator's intention is placed beyond doubt by the fact, that he authorized her husband to use, as he might think proper, the thousand dollars given to Mrs. Johnson by the first clause of the will; since this would have been a useless provision, if the testator had intended to leave all of the property given to her subject to the control of her husband.

The judgment is affirmed.