CASE 97—PETITION EQUITY—JANUARY 25.

## Wirgman v. Miller, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. LIFE INSURANCE—VESTED INTEREST OF BENEFICIARY.—The rule that a policy of life insurance and the money to become due under it vests immediately upon its issual in the person named in it as the beneficiary, and that this interest, being vested, can not be transferred by the insured to any other person, does not apply in a case where the contract of insurance provides that the insured may change the beneficiary. In such a case the right vests conditionally only.

2. SAME—RIGHTS OF MARRIED WOMAN AND HER CHILDREN IN POLICY PAYABLE TO HER.—The statute which provides that a policy of life insurance payable to a married woman "shall inure to her separate use and that of her children" does not prevent the insertion of a condition in the contract by which her right to the insurance may be defeated. Therefore, under a policy upon the life of the husband, payable to the wife on the death of the husband if she shall be then alive, the wife's right is conditional upon her survival of the husband.

Wirgman v. Miller, &c.

3. SAME.—The statute does not give any new right to either wife or children, but merely protects from subjection to the debts of others the rights given them by the contract. Therefore the children have no interest in the policy where such interest is not created either by the policy or by the charter of the company.

4. PLEDGE OF WIFE'S PROPERTY TO PAY HUSBAND'S DEBT.—Under the present law governing the property rights of husband and wife, the execution of a mortgage by the wife is not the only way in which she may set apart her personal property to secure the debt of another, including that of her husband.

In this case a written contract executed by husband and wife pledging the proceeds of a policy of insurance upon the life of the husband, payable to the wife, to secure the husband's debt, the written contract being accompanied by the actual delivery of the policy, was a setting apart of the policy or its proceeds for the satisfaction of the debt.

JOSEPH A. SANDERS FOR APPELLANT.

1. Where a policy of life insurance is made payable to a married woman, with a stipulation that should she not survive her husband then the payment to be made to the executors, administrators or assigns of the insured, the wife has only a contingent interest in the policy, subject to be defeated by the terms of the policy. (Hopkins v. Hopkins, 92 Ky., 324.)

2. So long as the policy remains payable to the wife, it is her separate estate, but that does not prevent the insertion of a provision by which her right may be defeated. (Hopkins v. Hopkins, 92 Ky., 329.)

3. A married woman may sell and dispose of personal property as though she were single. (Kentucky Statutes, sec. 2128.)

4. Under the act of March 15, 1894, a married woman has the same right to make a contract as one who under the General Statutes had been given the right to trade as a single woman. (Kentucky Statutes, secs. 2127, 2128; General Statutes, chapter 52, article 2, section 6.)

5. A married woman now has all powers to make a contract that a single woman has, except in binding her estate for the debts of others, and the sale or conveyance of her real estate. (Ky. Stats., secs. 2127, 2128; Hart v. Grigsby, 14 Bush, 542; Sypert v. Harrison, 88 Ky., 461.)

BARNETT, MILLER & BARNETT FOR APPELLEES.

1. A policy of life insurance made payable to a married woman in-

ures to her separate use and that of her children. (Ky. Stats., sec. 654; Washington Central Bank v. Hume, 128 U. S., 206.)

2. In order to bind the estate of a married woman for the debt of another, her husband included, it must be set apart for that purpose by mortgage or conveyance. (Ky. Stats., sec. 2127.)

3. All the estate of a married woman is now her separate estate. (Ky. Stats., sec. 2127.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellant brought suit against the appellees upon a note executed since the act of March 15, 1894, as to the property rights of husband and wife, went into effect. Two of the appellees, the makers of the note sued on, are alleged to be husband and wife, and the other appellees are their childeren. The first paragraph of the petition seeks a personal judgment against both husband and wife. In the second paragraph it is alleged that, to secure the payment of the note, the husband and wife pledged to plaintiff a policy and its proceeds in theNorthwestern Mutual Life Insurance Co., payable on the death of the husband to the wife, if she shall be then alive; and, in case of her death prior to that of her husband, then to the executors, administrators or assigns of the husband; that the note contained an agreement that in case of default in the payment thereof at maturity the makers would request the company to pay the cash surrender value of the policy to the payee of the note, to the extent of the debt and interest. This paragraph also alleges that the other appellees, the children of the makers of the note, claimed that the makers had no authority to pledge the policy of insurance, and that, in the event of the death of the wife prior to that of her husband, the proceeds of the policy would pass to the children. The petition prays that the makers of the note be compelled to request the payment of the cash surrender value of the policy. The note sued on is as follows:

"$500.                    LOUISVILLE, KY., July 2, 1894.

"One year after date we promise to pay to the order of H. Wirgman the sum of five hundred dollars, with interest from date until paid, at the rate of six *per centum* per annum, and, as security for said debt, we hereby pledge policy No. 137,135, or its proceeds, in the Northwestern Mutual Life Insurance Company, dated September 25, 1885, for $10,000, issued to Virginia H. Miller on the life of her husband, Mancil G. Miller. And if we fail to pay said note at maturity, we agree and bind ourselves to request said insurance company, in writing, to pay to said Wirgman the cash surrender value of said policy to the extent of said debt and interest, and the balance to us.                    "MANCIL G. MILLER,

"VIRGINIA H. MILLER."

The wife demurred to both paragraphs of the petition, and the other appellees demurred to the second paragraph, and both demurrers were sustained.

It is contended for appellees that sections 654 and 655, Kentucky Statutes (which are in substance sections 30-31 of the act of March 12, 1870), give to the children of the wife a vested interest in the policy which can not be divested by the act of the husband and wife. The sections are as follows:

"§ 654. A policy of insurance on the life of any person expressed to be for the benefit of, or duly assigned, transferred or made payable to any married woman, or to any person in trust for her, or for her benefit, by whomsoever such transfer may be made, shall inure to her separate use and benefit, *and that of her children*, independently of her husband or his creditors, or any other person effecting or transferring the same or his creditors. * * *"

"§ 655. When a policy of insurance is effected by any person on his own life, or on another life in favor of some per-

son other than himself, having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representative, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same. * * *"

In support of this contention of appellees the case of Central National Bank of Washington v. Hume, 128 U. S., 195, is cited, in which the general rule is stated that the right to a policy of insurance, and the money to become due under it, vests immediately upon its issual in the person named in it as the beneficiary; and that this interest, being vested, can not be transferred by the insured to any other person. But, as held by this court, construing the statute referred to, in the case of Hopkins v. Hopkins' adm'r, 92 Ky., 327, this rule does not apply in a case where the contract of insurance provides that the insured may change the beneficiary. "In such case it vests conditionally only. The right of the one named in the policy is then subject to be defeated by the terms of the very contract naming him as the beneficiary. It is a condition of the contract, and his right is therefore subject to it."

And again, in reference to the words quoted from the statute above, this court said: "They merely mean that when a married woman is entitled to insurance, or the proceeds of it, it must be held to be her separate estate, and not liable for the debts of her husband or those of the person through whom it was obtained. The insurance is her separate estate so long as it remains payable to her. *This, however, does not prevent the insertion of a condition in the contract by which her right to the insurance may be defeated.*"

The provision of the policy in this case, that it should be payable to the wife on the death of her husband, "if she was then alive," brings it directly within the rule laid down in

Hopkins v. Hopkins. Nor do the words of the statute that a policy in favor of a married woman or assigned to her *"shall inure to her separate use and that of her children,"* prevent the application of the rule to the case at bar.

These words were not intended to change the relative rights of the wife and children, as defined by the contract of insurance, in the proceeds of the policy, nor to give to the children an interest in the policy, where such interest was not created either by the policy or by the charter of the company. They were intended merely to prevent the subjection of the policy to the payment of the debts of the assured in derogation of such rights as were secured to the wife or to the children, or both, by either the contract or the charter. In other words, the statute is not construed as giving any new right to either wife or children, but as protecting the rights given them by the contract of insurance from subjection to the debts of the husband or father, or any other person.

It follows, therefore, that the rights of the children under this contract are exactly what they would have been had the statute not been enacted—that is, they have no interest whatever, for neither the contract of insurance nor the charter, so far as this record shows, gives them any interest. The contract gives the wife a right to the proceeds of the policy, conditional upon her survival of her husband. The children of the wife had no more interest in the proceeds than they had in any other personal property of hers.

Having concluded that the policy was the absolute property of the wife, subject to the condition of survival provided in the contract, the question arises whether she could bind her interest for the debt of her husband; and, if so, in what way. It does not clearly appear that the debt secured by the pledge was the debt of the husband, but for the purposes

of this opinion it may be so treated, and if that view be taken of it the pledge of the policy was an attempt to bind the wife's property for the debt of her husband.

It is suggested by counsel for appellees that the statute (section 2127, Kentucky Statutes) does not permit this to be done except by the execution and recording of a mortgage. The statute does not go to that extent.    The provision is: "No part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed of mortgage or other conveyance. * * *"

This court has held in Miller v. Sanders, *ante* 535, decided at this term, that the setting apart, referred to in the statute, meant the act of the wife in executing "the mortgage or other conveyance."    But it is not necessary that a mortgage should be recorded to be valid as between the parties, nor is a deed of mortgage required to be executed to *set apart* personalty, within the meaning of this act.    We are of opinion that the contract of pledge embodied in the note which the wife signed, accompanied by the actual delivery and pledge of the policy, was a setting apart of the policy or its proceeds for the satisfaction of the liability created by the note.

Upon the assumption stated the lower court properly sustained the wife's demurrer to the first paragraph of the petition, seeking a personal judgment against her, but, for the reasons indicated, the demurrer of the wife and children to the second paragraph should have been overruled.

Judgment reversed and cause remanded for further proceedings consistent with this opinion.