## Mutual Life Insurance Company of New York, et al. v. Spohn, et al.

### (Decided June 13, 1916.)

### Appeal from Harrison Circuit Court.

1. Insurance—Life Insurance—Contract with Wife—Beneficiary—Vested Interest.—Where a policy of insurance on the life of a husband is payable to his wife, if living, and if not, to her children or their guardian, and the contract is made with the wife and not the husband, the children, upon the death of the wife, take a vested interest, which is not defeated by their death before that of the insured but is transmissible by will.

2. Appeal and Error—Improper Parties—Dismissal.—Where a party below prosecutes no appeal but is inadvertently named as a party appellant by the party prosecuting the appeal, the appeal will be dismissed at the latter's cost.

WADE H. LAIL and GRUBBS & GRUBBS for appellants.

M. C. SWINFORD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This appeal involves the proper distribution of the proceeds of a policy of insurance, issued by the Mutual Life Insurance Company, of New York, on the life of John Spohn, deceased.

The policy was issued in the year 1873, and the only material provisions thereof are as follows:

"IN CONSIDERATION of the representations made to them in the application for this policy, and of the sum of One Hundred and Seventy-five Dollars and Seventy-five Cents, to them duly paid by Julia Spohn, wife of John Spohn, and of the annual payment of a like amount on or before the 23rd day of January in every year during the continuance of this policy, do insure the life of

the said John Spohn, of Cynthiana, in the county of Harrison, state of Kentucky, for the sole use of his wife, in the amount of Five Thousand Dollars, for the term of his natural life.

"And the said company do hereby Promise and Agree to pay the amount of the said insurance at their office in the city of New York, to the said assured for her sole use, if living, in conformity with the statute, and if not living, to her children or their guardian, for their use, in sixty days after due notice and proof of the death of the person whose life is hereby insured, the balance of the year's premiums, if any, being first deducted therefrom."

At the time the policy was issued, John Spohn and his wife, Julia, had four children, viz.: Frank Spohn, Mamie Veach, Emma Frazer and John H. W. Spohn. Julia Spohn, the wife of the insured, died September 20th, 1890. Emma Frazer died in the year 1899, leaving surviving her an only child, Joe Frazer. John H. W. Spohn died May 19th, 1910, without issue. He was survived by his widow, Sudie Spohn, to whom he devised his property. The above named children were the only children that either John Spohn or Julia Spohn ever had.

This suit was brought by Frank Spohn, Mamie Veach and Joe Frazer against the Mutual Life Insurance Company, of New York, to recover on the policy. Sudie Spohn, the widow of John H. W. Spohn, who claims a portion of the proceeds of the policy under the latter's will, was made a party defendant. Pursuant to an agreed order, the proceeds of the policy were paid the National Bank of Cynthiana and the insurance company discharged from liability. The trial court held that Sudie Spohn was not entitled to any part of the policy. Judgment was rendered accordingly and she appeals.

It is true that in a number of cases this court has recognized the rule that where the insured takes out a policy on his own life for the benefit of his wife, and upon her death for the benefit of his children, and after the death of the wife one of the children dies without issue before the insured, his part does not go to his estate, but goes to the surviving beneficiaries. Robinson v. Duvall, 79 Ky. 83; Hall v. Ayer's Guardian, 32 R. 288, 105 S. W. 911; Gault v. Gault, 25 R. 2308. The reason for this holding grows out of the fact that a

policy of insurance is regarded as testamentary in character and is controlled by section 2064, Kentucky Statutes, which provides that "when a devise is made to several as a class or as tenants in common, or as joint tenants, and one or more of the devisees shall die before the testator, and another or others shall survive the testator, the share or shares of such as so die shall go to his or their descendants, if any; if none, to the surviving devisees, unless a different disposition is made by the devisor." In all of those cases, however, the contract was made directly with the husband and could properly be regarded as in the nature of a testamentary disposition. But here we have a case where the contract shows on its face that the first annual premium was paid by the wife, and that in consideration therefor and of the annual payment of a like amount on or before the 23rd day of January in every year, during the continuance of the policy, the company insured the life of John Spohn, for the sole use of his wife, in the amount of $5,000.00. The policy further contains a direct promise to pay the amount of the insurance to the wife, if living, and if not living, to her children or their guardian. The statute authorizes a married woman, even without the consent of her husband, to take out a policy of insurance on his life for the benefit of herself and children. Section 654 Kentucky Statutes. Under the contract in question, the premiums were payable by the wife and the promise to pay on the death of the insured was made directly to the wife. Clearly, therefore, the policy in question is a contract not with the insured, but with the wife of the insured, and if the insured, after the execution of the contract, paid the premiums thereon, he did so as the agent of his wife during her lifetime, and thereafter as the agent of the beneficiaries designated by the contract made with the wife. That being true, the doctrine that the policy is in the nature of a testamentary disposition by the husband is not applicable, because the person making the testamentary provision is the wife and not the husband. Since, by the contract with the wife, the company agreed, upon the death of the insured, to pay to her children, in the event of her death, a sum certain, the effect is the same as if the company had executed to the children its promissory note, payable upon the death of their father. The contingency on which the

payment of the proceeds of the policy was to be made, being certain, we conclude that John H. W. Spohn, upon the death of his mother, took therein a vested interest, which he could transmit by will to his widow. Millard v. Brayton, 117 Mass. 533, 52 L. R. A. 117; Whitehead v. New York Life Insurance Company, 102 N. Y. 153, 55 Am. Rep. 787.

The life insurance company was not concerned in the controversy between Sudie Spohn and appellees, and, therefore, prosecuted no appeal from the judgment. On the appeal of Sudie Spohn it was inadvertently named as appellant. The appeal in its name will, therefore, be dismissed at the cost of Sudie Spohn.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting.