## Conn v. White.

(Decided October 5, 1920.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Insurance—Beneficiaries—Separate Estate of Married Woman.— A policy of insurance issued in 1864, and which expressed, that it was for the sole benefit of a married woman, the right as a beneficiary of it was vested in her, and was her separate estate, and from exercising control or reducing it to his possession, her husband was excluded during her lifetime.

2. Husband and Wife—Choses in Action Owned by Wife.—The right of the husband to reduce the choses in action owned by his wife, under the common law, was not a vested right to the property, where the chose was the separate estate of the wife, which he was precluded from reducing to possession during her lifetime; and previous to her death, the legislative authority had power by legislation to deprive him of his expectancy to receive the property at her death.

3. Insurance—Beneficiaries—Children of Married Woman.—Sections 30 and 31, of the statute of March 12, 1870, the provisions of which are now embraced in sections 654 and 655, Kentucky Statutes, had the effect of causing the children of a married woman for whose benefit a policy of insurance had been issued previous to 1870, to be entitled to the benefits of the policy, as against any claim of the husband, unless the terms of the policy or the charter of the insurance company otherwise provided.

4. Insurance—Wife Procuring Policy on Husband's Life for Her Benefit—Premiums.—Where a married woman procures an insurance policy upon the life of her husband, for her sole use and benefit and pays or contracts to pay the premiums upon the policy, if such policy is held to be of a testamentary character, the married woman is to be deemed the testatrix.

5. Wills—Where Devisees Outlive Testator.—Sections 2064 and 4841, Kentucky Statutes, do not have application where the devisees named in an instrument of a testamentary character, outlive the testator.

ANDREW M. SEA, JR., for appellant.

ARTHUR M. RUTLEDGE for appellee.

Opinion of the Court by Judge Hurt—Affirming.

On May 13, 1864, the New England Mutual Life Insurance Company granted to Mary C. Gheen, a married woman, residing in Louisville, Ky., and the wife of Joseph P. Gheen, a policy of life insurance, by which it insured the life of the husband, in the sum of $5,000.00. The portion of the policy necessary to be adverted to is as follows:

"This policy of insurance witnesseth, that the New England Mutual Life Insurance Company in consideration of the premium of one hundred and twenty-eight dollars and — cents, to them paid in the manner provided in the rules of this company, by Mary C. Gheen, of Louisville, in the county of Jefferson, in the state of Kentucky, being the assured in this policy, and of a like sum to be paid to them by said assured, on or before the thirteenth day of May, in every year, during the continuance of this policy, do insure the life of said Joseph P. Gheen, her husband, in the amount of five thousand dollars, for the term of his life, from this date at noon.

"And the said company do hereby promise to and agree with the said assured, her executors, administrators and assigns, well and truly to pay the said sum insured to the said assured, her executors, administrators, or assigns, sixty days after due notice and proof of the death of the said insured during the continuance and before the termination of this policy. For her sole benefit."

The assured, Mary C. Gheen died intestate, on October 25, 1887, leaving two children surviving her, viz.: Alice, who is now the appellant, Alice G. Conn, and Charles R. Gheen, who died, intestate, on October 23, 1913, leaving surviving him, his widow, Clara M. Gheen, now the appellee, Clara M. White, and two children, Mary Elise Gheen and Charles Robert Gheen.

The insured, Joseph P. Gheen, continued to live until November 6, 1917, when he died testate. The insured, Joseph P. Gheen, by his last will and testament devised the entire proceeds of the policy of insurance upon his life to his daughter, Alice G. Conn, the appellant. The administrator of the assured, Mary C. Gheen, after the death of the insured, Joseph P. Gheen, collected the proceeds of the policy, and now has it, in its hands for distribution. The appellee, Clara M. White, the widow of Charles R. Gheen, set up claim to one-fourth of the proceeds of the policy of insurance. Her claim was denied by Alice G. Conn, who claims the entire proceeds under

the will of her father, Joseph P. Gheen. The court sustained the claim of Clara M. White, and from the judgment, Alice G. Conn has appealed.

Mary Elise Gheen and Charles Robert Gheen, the children of Charles R. Gheen, through their guardian have disclaimed any interest in the proceeds of the insurance policy, because of the fact that under the will of their grandfather, Joseph P. Gheen, they are made devisees of property of much greater value than any interest they could claim in the insurance policy, and the will undertaking to dispose of the policy to Mrs. Conn, they were under the necessity of electing whether they would claim an interest in the policy or accept the devises made to them by the will.

The theory upon which Mrs. Conn claims the entire proceeds of the policy is that in the year 1864, when the policy contract was first made and the policy issued, the right to receive the proceeds of it, in the event of the death of Joseph P. Gheen, was a right to personal property in Mary C. Gheen, and that under the principles of the common law then prevailing, the ownership of the personal property of a married woman vested in the husband, immediately upon her acquisition of it, unless the husband was excluded during the life of the wife, when the property was the separate estate of the wife, and in that event the exclusion continued no further than the lifetime of the wife, and at her death his right to possession might be exercised, and besides that, under the statute of distribution in force in 1887 at the death of Mary C. Gheen, her husband was entitled to the entire surplus of her personal estate, and Joseph P. Gheen having survived his wife for many years, was the owner of the policy and that it passed under his will to Mrs. Conn.

The terms of the policy contract clearly show that it was the intention of the parties that the title to the benefits of the policy were to be for the sole use and benefit of the wife to the exclusion of any right in the husband to the use or control or ownership of it, and thus created in her an absolute separate estate, as such estates then had their place in our judicial system. Magill v. Mercantile Trust Company, 81 Ky. 129; Hutchison v. James, 1 Duv. 75; Petty v. Molier, 14 B. M. 247; Bowen v. Sebree, 2 Bush 112; Shackelford v. Collier, 6 Bush 149; Trail v. Trail, 7 R. 306. There was no provision in the instrument which continued the exclusion of the husband, or controlled the disposition of the estate in the

event of the death of the wife, and by its terms the beneficiary interest in it might continue beyond her lifetime, if she did not survive her husband. In such state of case, if undisposed of by the wife, such an estate doubtless passed to the husband, if he survived her, not only under the rules of the common law, but under the provision of subsection 3, section 11, chap. 31 of the General Statutes which was in force at the death of the wife in 1887. Payne v. Payne, 11 B. M. 138; Allen v. Everett, 12 B. M. 371; Brown v. Alden, 14 B. M. 114. However, the general assembly enacted a statute on the 12th day of March, 1870, two of the sections of which provided as follows:

"Section 30. A policy of insurance on the life of any person expressed to be for the benefit of any married woman, whether procured by herself, her husband or any other person, shall inure to her separate use and benefit and that of her children, independently of her husband, or his creditors, or the person effecting the same or his creditors   . . . "

"Section 31. A policy of insurance on the life of any person duly assigned, transferred or made payable to any married woman, or to any person in trust for her, or for her benefit, whether such transfer be made by her husband or other person, shall inure to her separate use and benefit and that of her children, independently of her husband, or his creditors, or of the person effecting or transferring the same or his creditors;   . . . "

The provisions embraced in the above statutes have continued in force since their enactment, and are now substantially embraced in sections 654 and 655, Kentucky Statutes, with the addition of other provisions which, however, in no wise modified the original ones. It is very clear, that, if the provisions of these statutes have effect and operate upon the disposition of the proceeds of the insurance policy, in controversy, there could be no question, that if the assured, Mary C. Gheen, in such policy, being a married woman, and at her death leaving surviving children, the children would be entitled to have the proceeds of the policy as against the surviving husband, and that an attempt by the surviving husband of the beneficiary to control the disposition of its proceeds by a last will and testament, would be ineffectual. The language of the statutes is emphatic, that when a policy of insurance is expressed to be for the benefit of a married woman, it "shall inure to her separate use and benefit, and that of her children, independently of her husband." The policy in controversy was issued in 1864

previous to the enactment of the statutes quoted, and it is insisted, that, the husband's marital right to reduce the policy to his possession, and thereby make its benefits his own, although deferred until the death of the wife on account of its quality as a separate estate, became a vested right to do so at the date of its issual, when the period of his exclusion should end, and that the legislature was without power to take the right away from him by the act of 1870. It may be conceded, without discussion, that the legislature has not the power in prescribing regulations for the devolution of property to take away property from one, who has acquired, theretofore, a vested right in it. Rose v. Rose, 104 Ky. 48; Mitchell v. Violett, 104 Ky. 77; Helm v. Board, 112 Ky. 837; Fowler v. Fowler, 138 Ky. 326. That a husband in the year 1864 had a vested right, which legislation was impotent to take away from him, in the personal chattels which his wife then had in possession, there is no doubt. That he had a right to reduce to his possession and to make his own absolutely the choses in action of which his wife was the owner, there is no doubt, and if he had not reduced to possession her choses in action during her lifetime, he might do so as her administrator after her death, and under the statute then existing became the sole distributee of the surplus of her personal estate. The benefits of the policy, however, being the separate estate of the wife, the husband could not reduce same to his possession during her lifetime, and hence the only right which he had in 1870 touching the policy was to receive the benefits and its proceeds at the death of the wife and the possibility of his ever receiving them depended upon the contingency, that he survived her, and that she had at that time made no disposition of it. Under the common law a husband did not have a vested right in a chose in action of the wife until he had reduced it to his possession and dominion, but, where it was not the separate estate of the wife, he had the right to reduce it to possession at any time during coverture, but such a right as that unexercised, this court held, in Fowler v. Fowler, *supra*, and Walker v. Millikin, 150 Ky. 12, was not a vested right which could not be taken away by legislative authority. The benefit of the policy of insurance in controversy was a chose in action belonging to the wife and the right to reduce it to possession by the husband, had not accrued, when the statute of 1870 was enacted, and the right of the husband at that time was in substance nothing more than a mere expectancy. A similar view has been taken by

other courts, both state and federal. Alexander v. Alexander, 85 Va. 353; Trapnell v. Conklyn, 37 W. Va. 242; Price v. Session, 3 How. 624. Where interests in property are not vested, but are merely expectant or contingent, the general assembly may by legislation regulate the devolution of the property regardless of such interest. Hence, the act of March 12, 1870, being general and not purporting to be confined to policies of insurance issued after its enactment, the disposition of the proceeds of the policy in the instant case is controlled by the statute as the power to do so is within the general assembly.

In Thompson v. Cundiff, 11 Bush 567, it was held that the statute of March 12, 1870, affected a policy of insurance of which a married woman was the beneficiary, and which was issued previous to the enactment of that statute, as regarded the rights of creditors of the husband, who had procured the policy upon his own life for the benefit of his wife, and based the reason of the holding upon the nature of a contract of insurance in that the insured being privileged to decline the payment of any yearly premium and permit the policy to lapse, that the payment of the premium which became due after the statute was enacted was in a sense the making of a new contract in contemplation of the provisions of the statute. The terms of the statute do not any more rigidly exclude the right of the husband's creditors, than they do the husband, although those terms would not of themselves exclude the right of the husband as a distributee after the death of the wife, in the absence of children of the beneficiary. The legislature exercising its power to control the disposition of the proceeds of a policy for the benefit of a married woman, expressly provided that it should inure to the benefit of the beneficiary and that of her children to the exclusion of the husband. Hence, the cited statute of 1870 and the statute of distribution in effect in 1887 must necessarily be construed together and in so doing the statute of 1870 must be followed regarding the particular kind of an estate to which it has application. It is insisted upon the authority of Wirgman v. Miller, 98 Ky. 625, that the words in the statute "shall inure to her separate use and benefit and that of her children" do not give to the children of the beneficiary an interest in the policy, because the policy does not expressly give them an interest and it is not shown that an interest is given to them by the charter of the company. The language above quoted was used in that opinion, but in that

case a married woman who was the beneficiary of a policy, and her husband had pledged the policy to secure a debt, and the children of the beneficiary claimed the proceeds of the policy as against the lien creditor, and it was held, that the beneficiary was authorized to pledge it, and the rights of the pledgee were superior te those of the children of the beneficiary. The right of the beneficiary, in the instant case, to have transferred the policy or made other disposition of it in her lifetime, and thus to have deprived her children of any interest in it is a question, which does not arise, upon the record here, and is therefore not decided, as the beneficiary made no attempt to make any disposition of her right in the policy during her lifetime.

It is therefore concluded, that under the express terms of the statute controlling the devolution of such property, upon the death of Mary C. Gheen, the right to the benefits of the policy passed to and vested in her children. The undenied averment of the amended answer, that the insured, Joseph P. Gheen, paid all the premiums, is not material nor controlling, as the policy recites that the contract was made by the wife who paid the first premium, and if the husband paid the premium, and thereafter paid the other premiums the wife was notwithstanding, the contracting party. It was a contract. for her own benefit and the husband was acting as the agent of his wife and after her death of her children. Mutual Life Insurance Company v. Spohn, 170 Ky. 721. Besides, the statute makes a married woman and her children the beneficiaries of such a policy, regardless of who procures the insurance. The terms of the policy did not authorize Joseph P. Gheen nor Mary C. Gheen, nor any one else to change the beneficiary, nor was there any provision touching the result in the event the beneficiary died within the lifetime of the insured. The right to the benefit of the policy being vested in Mary C. Gheen, without authority upon the part of any one to divest her of it, and she having left two children, Mrs. Conn and Charles R. Gheen, the right to the benefits of the policy necessarily vested equally in them, and one-half of the amount of the insurance became a portion of the estate of Charles R. Gheen, payable to him upon the death of his father, and having died intestate with reference to it, it passed to his heirs and distributees.

It is, further, insisted, that notwithstanding, it should be held that the insured, Joseph P. Gheen, had no interest in the policy and that his attempt to devise the

proceeds by his will was ineffectual, the appellee, as the widow of Charles R. Gheen, would have no interest in the policy, but, that it being of a testamentary character should receive the construction applied to a will, and that under sections 2064 and 4841, Kentucky Statutes, Charles R. Gheen having died before the insured, his children should receive his interest direct from their grandmother, Mary C. Gheen. The rule of construction applied in Robinson v. Duvall, 79 Ky. 83, and other similar cases, is appealed to. Such rule is, however, not applicable to the facts of this case. The theory upon which the rule is founded, is that a life insurance policy for the benefit of the insured's family, is testamentary in its character, and where proper, should be held to be in the nature of a will, and for such reason that the provisions of section 2064 and 4841, Kentucky Statutes, *supra,* should be applied to it. The provisions of those sections, however, can only apply when a devisee dies before the testator. In the instant case, if the policy is considered to be of the nature of a will, Mary C. Gheen must be considered to be the testatrix, and it is not the testament of her husband. Charles R. Gheen did not die before, but many years after his mother. Wills take effect as if executed immediately before the death of the testator, and if this policy, together with the provisions of the statute, were held to be of a testamentary character, it took effect as if executed immediately before the death of Mary C. Gheen, and at that time Charles R. Gheen was alive, and the property necessarily vested in him. The general rule is that when a beneficiary in an ordinary policy has a vested right in the policy upon his death, although in the lifetime of the insured, his rights pass to his estate and by reason of the statutes 654 and 655, Kentucky Statutes, the benefits of a policy of which a married woman is beneficiary, vest in her children upon her death, in the absence of policy provisions to the contrary. Mutual Life Insurance Co. v. Spohn, 170 Ky. 721; Continental Life Insurance Co. v. Palmer, 42 Conn. 60; Millard v. Brayton, 52 L. R. A. 117, and Whitehead v. N. Y. Life Insurance Co., 102 N. Y. 153.

The judgment is therefore affirmed.