## Dalton v. Shelton et al.

(Decided Jan. 19, 1937.)

E. BERTRAM for appellant.

DUNCAN & DUNCAN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

C. D. Dalton brought this suit against S. B. Shelton and G. L. Shelton to recover on a $500 note dated January 26, 1926, payable one day after date, and purporting to have been signed by S. B. Shelton and his two sons, G. L. Shelton and F. Z. Shelton. The defendants

denied that they signed the note, or that they authorized any one in writing or otherwise to sign their names to the note. To the answer Dalton filed the following reply:

"Not waiving his rights to have defendant's answer herein verified as required by law, the plaintiff for reply to said answer states that he does not have sufficient knowledge or information to for a relief as to whether or not defendants or either of them signed, executed or delivered the note sued upon in this action.

"For further reply plaintiff states that about one year after said note was executed and delivered to him he learned that F. Z. Shelton one of the parties who signed said note in financial trouble and that defendant S. B. Shelton and G. L. Shelton were denying that they had signed said note, that he at once went to the home of S. B. Shelton and found G. C. Shelton there at his father's home and that he informed them what he had heard and that he wanted to know what about it, as he intended to take some action if what he had heard was true, and that after talking with the defendants they told him the note was all right and that they would pay if he would give them some further time in which to do so, and that he thereupon told them that if they would keep the interest paid on said note from year to year they could have as much time as they wanted to pay the note; and that they told him that would be satisfactory and then and there paid him the interest on said note for one year and that they thereafter paid him the interest on said note as it was due for a period of six years or up till January 26, 1932. He states that he relied upon the statement made to him by defendants that said note was all right and that they would pay it if he would give them some further time and not sue on the note at that time and because of the statements made to him concerning the validity of said note and their obligations to pay same he forebore to sue on same at that time and did extend the time of payment thereof for a period of five years, and but for said assurance and statements he would have then and at that time taken the necessary legal action to collect his said note and that he could

have at that time enforced the payment of said note, but that within a very short time thereafter F. Z. Shelton who was a son of S. B. Shelton and a brother of G. C. Shelton disposed of all of his property and left this country and has not since said time resided here, and that plaintiff has no information as to his whereabouts or residence.

"Wherefore, plaintiff pleads and relies upon the facts above stated as an estoppel to defendants' plea set out in their answer and he prays as in his original petition."

The court sustained a demurrer to the reply. A trial before a jury resulted in a verdict and judgment for the defendants. Dalton appeals.

The Sheltons testified that they never signed or received any of the proceeds of the note, and they did not authorize F. Z. Shelton or any one else to sign their names to the note. Notwithstanding the fact that the demurrer to the reply pleading estoppel was sustained, evidence bearing on the issue was heard. The court told the jury in substance to find for plaintiff unless they believed from the evidence that the defendants did not sign the note themselves, or authorize any other person to do so in writing.

As the demurrer was sustained to the reply, and the plea of estoppel was thus eliminated, and consequently no instruction was offered submitting that issue to the jury, appellant's right to a reversal depends solely on the sufficiency of the reply. We have two statutes in this state; one providing that no person shall be bound as the surety of another by the act of an agent unless the authority of the agent is in writing signed by the principal, sec. 482, Kentucky Stats., and the other providing that the signature of any party may be made by an agent duly authorized in writing, sec. 3720b-19, Kentucky Stats. (Negotiable Instrument Act), in which the word "may" has been construed as "must." Finley v. Smith, 165 Ky. 445, 177 S. W. 262, L. R. A. 1915 F, 777; Inter-Southern Life Ins. Co. v. First National Bank, 178 Ky. 95, 198 S. W. 563. The result is that no person whose name is signed by an agent to a negotiable instrument, whether as principal, surety, indorser, or otherwise, is bound unless the agent's authority be in writing. Clinton v. Hibbs' Ex'x, 202 Ky. 304, 259 S. W.

356, 35 A. L. R. 462. Not only so, but the parol ratification of a note by one whose name was signed without written authority, as required by statute, is not binding on him; the reason being that to permit parol proof of a subsequent ratification would in effect nullify the statute. Ragan v. Chenault, 78 Ky. 545; Clinton v. Hibbs' Ex'x, supra. In the Ragan v. Chenault Case their subsequent statement that "it was all right, the principal had authority to sign it," was held insufficient to make the surety liable, and it is not perceived how the statement of appellees, who were not bound on the note, that the note was all right and they would pay if given further time, coupled with the fact that they thereafter paid the interest for six years, made them liable on the note without more. Indeed, it is not so contended, but insisted that the additional facts make out a case of estoppel. It must not be overlooked that estoppel cannot exist unless one party's conduct has misled another to his prejudice. Owens v. National Life & Accident Insurance Co., 234 Ky. 788, 29 S. W. (2d) 557. And it remains to determine whether a case of prejudice is presented. The language is, "and but for said assurance and statements he would have then and at that time taken the necessary legal action to collect his said note and that he could have at that time enforced the payment of said note, but that within a very short time thereafter F. Z. Shelton, who was a son of S. B. Shelton and a brother of G. C. Shelton, disposed of all his property and left this country and has not since said time resided here, and that plaintiff has no information as to his whereabouts or residence." If the reply had alleged facts showing that F. Z. Shelton was solvent at the time the assurance was given and appellant was induced by the assurance to forego his right to sue and thereby lost his money, a different question would be presented. All that we have is that he would have taken "the necessary legal action to collect his said note and that he could have at that time enforced the payment of said note," without stating against whom the payment of the note could have been enforced, or stating any facts upholding the conclusion. We are therefore constrained to the view that the facts pleaded were not sufficient to work an estoppel. It follows that the demurrer thereto was properly sustained.

Judgment affirmed.