## NATIONAL LIFE & ACC. INS. CO. v. WALKER.

Court of Appeals of Kentucky.

Feb. 8, 1952.

Stoll, Keenon & Park, Lexington, for appellant.

George T. Gess, Jr., Harry B. Miller, Jr., Lexington, for appellee.

STANLEY, Commissioner.

The appellee, Emma Walker, recovered judgment against the appellant for $395.38 on three policies of industrial life insurance.

The plaintiff, the wife of the insured, Mose Walker, was originally named beneficiary in the policies and continued as such for several years to within a month of his death. The insured then exercised the right given in the respective policies and had his mother, Rena Cabell, substituted as the beneficiary. It appears that Mose and Emma had been separated for several months but were not divorced. The insurance company paid Rena the proceeds of the policies.

Emma based her cause of action upon the allegation that the contracts were be-

tween the company and herself. She testified that with her husband's knowledge she "took out" the policies for her own security and paid the weekly premiums out of her own wages until a short time before the insured's death when she was told by the company's agent that Mose was taking care of the premiums. The fact that she was paying the premiums is supported by another witness. The court submitted the issue of whether the plaintiff "took out and procured" the policies and paid the premiums until the company had refused to accept her payment. The questions of whether the plaintiff knew the beneficiary had been changed before the payment of the proceeds to Rena and had made no demand that the sum be paid her were also submitted. The verdict was for the plaintiff.

■ The appellee has not filed a brief, but we are given to understand by the appellant that the widow's evidence was admitted because the claim is rested on rights given to the wife by KRS 297.140(2) and the facts brought the case within the terms of the statute. It is quoted for convenient reference: "A married woman may, without consent of her husband, contract, pay for, take out and hold a policy of insurance upon the life or health of her husband or children, or against loss by his or their disablement by accident. The premiums paid on the policy shall be held to have been her separate estate, and the policy shall inure to her separate use and benefit and that of her children, free from any claim of her husband or others."

Both of the subsections of KRS 297.140 were enacted for the protection of the beneficiary, particularly the family of the insured. The intention of subsection (1) is to provide that the proceeds payable to a married woman shall be her separate estate free from the debts of her husband, the insured. Parks v. Parks' Ex'rs, 288 Ky. 350, 156 S.W.2d 90, 138 A.L.R. 782. It does not have the effect of limiting the condition of a policy or prevent the insured from changing the designation of the beneficiary from his wife to another person where the right is a condition of the contract. Hopkins v. Hopkins' Adm'r, 92 Ky.

324, 327, 17 S.W. 864; Wirgman v. Miller, 98 Ky. 620, 621, 33 S.W. 937. Subsection (2), quoted above, may have been enacted in view of several decisions, of which Metropolitan Life Ins. Co. v. Smith, 59 S.W. 24, 22 Ky.Law Rep. 868, 53 L.R.A. 817, is one, that where a wife, without her husband's knowledge or consent, procured insurance on his life and paid the premiums out of his money, the husband could recover the premiums so paid.

■■ The policies name Mose Walker as the insured and the plaintiff's name appears only as beneficiary. The applications were signed by Mose. Parol or extrinsic evidence is not admissible to vary or contradict the contract of insurance or the application therefor. Globe & Rutgers Fire Ins. Co. v. McIntosh, 227 Ky. 639, 13 S.W.2d 775; Prudential Life Ins. Co. of America v. Bowling, 237 Ky. 290, 35 S.W. 2d 322. The testimony that the wife was the contracting party was incompetent.

■ It is well settled that a designated beneficiary in a policy of insurance has no vested interest therein where the insured is authorized by the contract to change the beneficiary at his pleasure with the consent of the insurer. Twyman v. Twyman, 201 Ky. 102, 255 S.W. 1031. And the voluntary payment of premiums by a beneficiary having no vested interest will not, by virtue of such fact alone, create such in him or entitle him to the proceeds. Metropolitan Life Ins. Co. v. Tye, 288 Ky. 750, 157 S.W.2d 274. Nor is the fact of the payment by the beneficiary material or controlling in the determination of who were the contracting parties where the policy recites who the contract was made with. Conn v. White, 189 Ky. 185, 224 S. W. 764.

■ The case cannot be brought within Mutual Life Ins. Co. v. Spohn, 170 Ky. 721, 186 S.W. 633, on petition for rehearing, 172 Ky. 90, 188 S.W. 1078, where the policy itself showed that the wife had procured the insurance on the life of her husband. It seems to us, as it did in Metropolitan Life Ins. Co. v. Tye, supra, 288 Ky. 750, 157 S.W.2d 274, that when the parol evidence to the contrary is eliminated, it

must be said the wife was not the contracting party and KRS 297.140 has no application. Therefore, she never acquired a vested right in the proceeds which prevented the change in the beneficiary, and the trial court should have so adjudged as a matter of law.

Motion for an appeal is sustained, and the judgment is reversed.