CASE 14—PETITION EQUITY—APRIL 5.

# Hise v. Hartford Life Insurance Company.

# Hite v. Ætna Life Insurance Company.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

VALIDITY OF INSURANCE AS AGAINST CREDITORS.—Insurance of his life by a husband for the benefit of his wife and children prior to the act of March 12, 1870, was valid as against his creditors, unless the amount of the insurance was unreasonable, considering the amount of his indebtedness and his ability to pay. Since the passage of that act such insurance, whatever the amount, is valid, even as to antecedent creditors, unless procured with the intention to defraud; but if the husband be insolvent and the amount of the insurance unreasonable, that

will be sufficient evidence of fraud. Even in the event of fraud, however, the creditors can subject only the premiums paid.

In 1868 and 1869 a husband insured his life for the benefit of his wife and nine infant children for about ($32,000) thirty-two thousand dollars. He paid the premiums until 1871, when he took a paid-up policy, amounting to between five and six thousand dollars, also for the benefit of his wife and children. He afterwards became insolvent, and having since died, creditors whose debts were created in 1867 seek to subject the paid-up policy. *Held*—That although the insured was in debt when he procured the insurance, yet as it was not to such an extent as to affect his credit or his ability to pay, and the amount invested in the insurance was not such as to materially affect the rights of creditors, the insurance was valid.

R. T. COLSTON FOR APPELLANTS.

1. Upon the facts of this case, the voluntary gift from Joseph S. Hite to his wife and children was an unnecessary and improper provision for them.

   Under the law as it stood at the time this insurance was taken out and the premiums paid thereon, and at the time of the passage of the act of 1870, this voluntary gift from Hite to his wife and children was void as to his *then existing liabilities*, whether it was a necessary provision or not, and without reference to his solvency or insolvency. The mere fact of his being in debt at the time made it void as to such debts. (Rev. Stats., vol. 2 chap. 40, sec. 2; Todd & Co. v. Hartley, 2 Met., 206; Doyle v. Sleeper, 1 Dana, 533; Lowry v. Fisher, 2 Bush, 72.)

2. The act of 1870 changes the statutes which declared all voluntary conveyances void as to the existing liabilities, and since its adoption mere indebtedness at the time of taking out the insurance will not invalidate the gift, *unless it was with a fraudulent intent.* But it was not intended to change the law where the insured was guilty of a fraud, either actual or constructive, if the insured was insolvent at the time. (Thompson v. Cundiff, 11 Bush, 567.)

3. The act of 1870, which, as an exception to the general rule, allows insolvent debtors to make proper and necessary provision for the wife and children, applies only where the wife has no "considerable means" of her own, and the provision is necessary to enable her and her children to live without the aid of the husband in the event of his death. (Stokes v. Coffee, 8 Bush, 534.)

   Mrs. Hite and her children were amply provided for without this insurance, and, therefore, the provision by the husband was not reasonable or necessary.

4. If any money of the wife was used in paying premiums, it was merely a loan to her husband; but if not, the presumption is, that whatever

she paid was a gift to her husband. (Annin v. Annin, 24 N. J. Eq., p. 189.)

5. The chancellor will not prefer the children to just creditors. (Tounseng v. Windon, 2 Ves., 1.)

6. If appellants are not entitled to the entire fund in court, they are certainly entitled to the premiums paid, with interest from the date of payment.

THOMAS B. FAIRLEIGH AND NEWTON G. ROGERS FOR APPELLEES.

1. The amount of the policies in litigation was not an unreasonable provision by Joseph S. Hite for his wife and nine children, and even if he was insolvent at the time the premiums were paid, his creditors can not complain. (Act of 1870, Session Acts 1870, vol. 1, p. 70; Thompson v. Cundiff, 11 Bush, 567; Stokes & Son v. Coffey, 8 Bush, 533.)

2. The evidence shows that the insured was not insolvent during the years when the premiums were paid, and the fact that he died insolvent can not entitle creditors to subject the insurance taken for the benefit of his wife and children.

3. It is a fair inference that all the premiums, or a great part of them, were paid out of funds furnished Mrs. Hite by her father, and for that reason, if for no other, the creditors can not subject the insurance.

4. This suit was not brought to recover premiums paid by the husband in fraud of creditors, and if it had been it would have been barred by limitation. Besides, such a suit could not have been maintained, for the reason that there is no proof either of insolvency or fraud.

5. This is a proceeding to set aside a fraudulent disposition of property, and can not be maintained without a return of "no property." (Barton v. Barton, 80 Ky., 212; Martz v. Pfeifer, &c., 80 Ky., 600.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Joseph S. Hite, now deceased, qualified as the guardian, in 1867, of the appellants, and received an estate belonging to them, about thirteen thousand six hundred dollars, consisting of bonds. In 1868 and 1869, after said qualification and receipt of said bonds, he insured his life in the appellees' companies for the benefit of his wife and children, which sums amounted, in the aggregate, to about thirty-two thousand dollars. The premiums on these sums were paid annually until 1871, including that year, when the said Hite ceased

to pay any more premiums, and for the premiums. already paid he took a paid-up policy, likewise for the benefit of his wife and children.   In the course of two or three years thereafter said Hite became hopelessly insolvent, and later on he died.   These suits were instituted by the appellants, his former wards, against the said insurance companies and said wife and children to subject said policies to said demands, upon the grounds, first, that the investment for the benefit of said Hite's wife and children was in the nature of a gift, and, therefore, void as to existing creditors; and second, that it was intentionally fraudulent as to said creditors.

The proof shows that said Hite, at the time he took out said policies for the benefit of his wife and children, and the payment of the premiums thereon, was not insolvent; that he was in debt, but not to the extext of his ability to pay, nor to the extent of affecting his credit, nor to the extent of materially impairing his ability to pay, nor to the extent of materially affecting the rights of creditors by investing as much as between five thousand and six . thousand dollars (this was the sum invested in the paid-up policy) in a policy for his wife and children—nine children in all—the most of whom were infants, and one of whom, an infant, was a cripple.

It was held in the case of Stokes v. Coffee, 8 Bush, 533, that an insurance by the husband for the benefit of his wife and children was not within the statute of voluntary conveyances, consequently was not, *per se*, fraudulent as against antecedent creditors; but if said insurance did not materially affect the rights of such

creditors by withdrawing the money that they were entitled to receive from the insurer on account of his indebtedness to them, the insurance for the benefit of his wife and children would be valid as against said creditors.  It was also held that an insolvent husband might insure his life for the benefit of his wife and children in a reasonable sum, and the same would not be subject to the payment of his debts, provided his wife had not a sufficiency of estate of her own with which to support herself and children, and to educate the latter.

This decision was rendered without reference to the act of 1870, which provides, in substance, that insurances made by husbands, whether insolvent or not, for the benefit of their wives and children, are valid as against creditors, unless the insurance is made with the intention to defraud creditors, in which case only the premiums paid on such policies shall be subject to their debts.

This court, in the case of Thompson v. Cundiff, &c., 11 Bush, 567, decided that this act, while it did not control, as matter of statutory obligation, insurances theretofore effected, should be received as a legislative interpretation of such policies, to the effect that they were valid, though made by an insolvent husband against existing creditors, to the extent that the "sum was reasonable;" that in no case could said policies be successfully attacked by antecedent creditors, except for intentional fraud, and insurances by insolvent husbands for the benefit of their wives and children in unreasonable sums would be sufficient evidence of such fraud, and would subject the premiums paid to the debts of such creditors.

The judgment is affirmed.