Morehead's Admr. &c. v. Mayfield.

---

CASE 11—ACTION FOR SETTLEMENT OF AN ESTATE—OCT. 2.

# Morehead's Admr. &c. v, Mayfield.

### APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT AWARDING PROCEEDS OF CERTAIN INSURANCE POLICIES TO MARY A. MAYFIELD, AND MORHEAD'S ADMR. APPEALS. REVERSED.

LIFE INSURANCE— POLICY PAYABLE TO WIFE OF INSURED—RIGHTS OF CREDITORS.

Held:   1. Where a policy, by virtue of a provision therein, was extended beyond the time of the death of insured, though there had been default in the payment of a premium, the extension was for the benefit of the beneficiary named, and not for the benefit of the estate of insured, and she is entitled to the full amount of the policy.

2. Under Kentucky Statute, sec. 654, the assignment of a policy to the wife of insured is not fraudulent as to his creditors, except as to premiums paid when he was insolvent.

3. Though there was no intent to defraud creditors when a policy was taken out and the premium paid, yet, the policy being sub-

sequently assigned to the wife of insured, the creditors of in-sured are entitled to the premium previously paid.

4. Kentucky Statute, sec. 2128, providing that "a gift, transfer or assignment of personal property between husband and wife shall not be valid as to third persons unless the same be in writing, and acknowledged and recorded as chattel mortgages are requir-ed by law to be acknowledged and recorded," does not apply to a policy of insurance which at the time of its assignment had no surrender value, and therefore the assignment of such a policy is valid, though not acknowledged or recorded.

J. M. GALLOWAY, ATTORNEY FOR APPELLANTS.

1. J. S. Morehead was not competent on account of disease to make a valid transfer of the insurance policy in question.

2. There was no valid transfer of the fund, there being no delivery of the policy.    Brown v. Brown's Admr., 4 B. Monroe, 535; Knott's Admr. v. Hogan, 4 Met., 99; Ashbrooks v. Ryan's Admr., 2 Bush, 228; Parsons on Contracts, 234; Payne, &c., v. Powell, &c., 5 Bush, 248; Marcus v. St. Louis Mutual Life Ins. Co., 68 N. Y.

3. An insurance policy is a "chose in action" and passes as such by delivery ordinarily.  Palmer v. Merritt, 53 Am., Dec., 782; Foster v. Gile, 50 Wis.; Anthracite Ins. Co. v. Lear, 109, Mass., 383; St. John v. Am. Mut. Life Ins. Co., 13 N. Y., 31.

4. The husband can not assign a policy direct to his wife as a gift, and it be valid as to creditors, when he was involved. Ky. Stats., sec. 654; Gen. Stats. App. 1, page 41 secs. 30 & 31; Stokes v. Coffey, 8 Bush, 533; Kalfus v. Kalfus, 92 Ky., 54; Yankey &c. v. Sweeney, &c., 85 Ky., 555; Lehey v. Lehey, 97; Ky., 59; Appeal of Elliott's Exrs., 88 Am., Dec. 525; Wigram v. Miller, 98 Ky., 620.

5. Such transfer is included in, and to be valid must be made as required by sec. 2128, Kentucky Statutes.    Civil Code, sec. 752; Ky. Stats., sec. 458, sub-secs. 10 & 11; Kent's Com. Vol. 2, page 418.

LEWIS McQUOWN & JOHN E. DUBOSE, ATTORNEYS FOR APPELLEE.

## SUMMARY OF ARGUMENTS AND AUTHORITIES.

The execution of the paper being admitted by appellants the burden is on them to establish by a preponderance of the evidence Morehead's mental incapacity at the time.  The only proof they offer is the statements of persons, three of whom are interest-ed in the estate, that in their opinion Morehead was not com-petent.  None were present at the time and but two of them claimed to have seen him on the day he signed the paper.

On the other hand appellee proves by the attending physician that Morehead was perfectly rational and conversed with him on the subject of the transfer; three other witnesses testify as to what he said and did at the time. If the testimony of the physician and these attesting witnesses is true Morehead was fully competent to know, and did know, what he was doing and the effect of the paper he signed.

These witnesses testify concerning acts and statements made to, and by Morehead. Such testimony outweighs the *opinions* of any number of witnesses. Turner's Will, 4 J. J. M., 536; McDowell's Will, 2 J. J. M., 336; Weir's Will, 9 Dana, 441.

A paper offered, but not filed as a pleading, can not be considered on appeal unless made a part of the record by an order of court or identified by a bill of exceptions. Horstman v. C. & L. R. R., 18 B. M., 218; Nolan v. Feltman, 12 Bush, 119; Carpenter v. Bell, 15 Ky. Law Rep., 649.

The policy was in the possession of the transferee at the time the paper was executed, but if it had not been it was not necessary to formally hand it over to her. The delivery of the written assignment was a delivery of the policy. Inlow v. Com., for use, 6 Mon., 75; Marcus v. St. Louis Ins. Co., 68 N. Y., 625; Armstrong v. Flora, 3 Mon., 46; Ky. Stats., sec. 474.

The provisions of section 2128, Kentucky Statutes, that all transfers, assignments or gifts, between husband and wife, to be valid, must be acknowledged and recorded, are not applicable to gifts or assignments of money, bonds or choses in action. Bank of U. S. v. Huth, 4 B. M., 423; Newby v. Taylor & Hill, 2 Met., 536; Vanmeter v. McFadden, 8 B. M., 442; Spalding v. Paine, 81 Ky., 416; Johnson v. City of Lexington, 14 B. M., 532; Wirgman v. Miller, 98 Ky., 620.

When a later statute refers to a former for powers or procedure the former becomes a part of the latter, in so far as applicable, and any judicial construction it has received likewise becomes a part of the new law. The interpretation of the law by the courts is the law. Feemster v. Anderson, 6 Mon., 538; Nunes v. Willisch, 12 Bush, 363; Bailey v. Com., 11 Bush, 389.

A party can not attack a transfer upon the ground that the grantor was mentally incompetent and did not understand the nature and effect of this act, and in the next paragraph allege that the transfer was made with the intent to defraud creditors. Such allegations are inconsistent, as proof of one necessarily disproves the other. Am. Eng. Ency. Pleading, Vol. 1, p. 857; Bliss on Code Pleading, sec. 344; Nelson v. Broadhack, 100 Am. Dec., 328.

It is provided by statute that a life policy may be transferred to a married woman, and such transfer can not be set aside be-

cause made with fraudulent intent to prevent creditors from receiving proceeds. The amount of premiums on such policies may be subjected by creditors, in a proper proceeding, stating amount of premium paid, and alleging fraudulent intent in making such payments. Appellants herein do not seek a recovery of premiums, no allegation is made concerning the amount thereof or intent, when paid, and no proof offered. The proof shows only one premium was paid on the policy, and further shows that it was not paid with intent to defraud creditors. Ky. Stats., sec. 654; Thompson v. Cundiff, 11 Bush, 567; Hise v. Hartford Ins. Co., 90 Ky., 101; Barbour's Admr. v. LaRue, 21 Ky. Law Rep., 94.

OPINION OF THE COURT BY JUDGE WHITE—REVERSING.

In May, 1895, J. S. Morehead obtained a policy of life insurance for $5,000, payable on his death to his executors or administrators. Some years before 1895, he had taken a policy for a like sum, payable to his wife, appellee herein. On December 6, 1895, after having been ill with typhoid fever some five weeks, J. S. Morehead assigned the policy dated in May, 1895, to his wife, now Mary A. Mayfield, she having since his death married one Mayfield. The only consideration for this assignment was love and affection. Morehead died December 9th, after the assignment. After his death appellee qualified as administratrix, and collected both policies,—the one originally made payable to her and the one assigned just before her husband's death. Appellee, as administratrix, instituted an action to settle the estate of her husband, and in that action it developed that J. S. Morehead at the time of his death was insolvent. In that action of settlement certain creditors of J. S. Morehead sought to charge appellee as administratrix with the proceeds of the two policies of insurance on the ground that the assignment to appellee of December 6, 1895, was fraudulent and void  that decedent at that time did not have mental capacity, by reason of his long and serious

illness, to make a valid assignment; and that the transaction, being between husband and wife, is void, because not made in conformity to section 2128, Kentucky Statutes. As to the old policy payable by its terms to appellee, it is. alleged that by reason of non-payment of annual premium it became forfeited and void as to appellee, and was extended according to its terms so as to be valid and payable at the death of J. S. Morehead, but it is alleged that by this extension the proceeds were due and payable to the estate of the decedent, and not to appellee. The question of fact as to the mental capacity of J. S. Morehead on December 6, 1895, was put in issue by appellee, and the questions of law raised were also resisted. After the marriage of appellee to Mayfield, the appellant, J. W. Morehead,. was appointed administrator *de bonis non* of J. S. Morehead,. deceased, and by an amended petition, in which the allegations of the creditors were repeated, sought to charge appellee with the proceeds of the two policies. On this. amendment issue was joined. Upon trial on the proof, the court adjudged the assignment to appellee of December 6, 1895, valid, and that thereunder she was entitled to the proceeds of the policy of May, 1895; thereby finding. that at the date thereof J. S. Morehead had mental capacity to execute such paper. The court likewise adjudged to appellee the proceeds of the first policy payable by its terms to appellee. From that judgment this appeal is prosecuted.

We are of opinion that the proceeds of the old policy,. payable by its terms to appellee, and extended, belong to appellee absolutely, and appellant has no interest or estate therein. The provision for extension was paid for by the payment of premiums, and appellee was entitled to all the rights and benefits arising thereunder.

We are also of opinion, from the evidence, that at the date of the assignment, in December, 1895, decedent, J. S. Morehead, had sufficient mental capacity to transact such business, and on that issue of fact we concur with the chancellor below.

Section 654, Kentucky Statutes, in force July 1, 1893, provides: "A policy of insurance on the life of any person expressed to be for the benefit of, or duly assigned, transferred or made payable to any married woman, or to any person in trust for her, or for her benefit, by whomsoever such transfer may be made, shall inure to her separate use and benefit, and that of her children, independently of her husband or his creditors, or any other person effecting or transferring the same or his creditors. . . . But if the premium on any policy in this section mentioned is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon, shall inure to the benefit of said creditors, subject, however, to the statute of limitations." By this section, which was originally enacted as part of the act of 1870, it is provided that a husband may take out a policy of life insurance for the benefit of his wife, or that he may transfer or assign a policy of life insurance to his wife or for her benefit, and that all such policies shall inure to the benefit of the wife, to the exclusion of any creditor of the husband, except as to premiums paid under certain conditions. It is clear to us that this statute means that an assignment of a policy to a wife or for her benefit can not be held to be fraudulent as to creditors, except as to premiums paid when the husband was insolvent. We conclude, therefore, that Morehead, being of sufficient mind, could assign the policy to his wife, appellee, and that she would be entitled

to the proceeds thereof, subject to the provision as to pre·
miums paid, etc.

It is insisted, however, that, if Morehead could have as-
signed the policy, he did not do so, so as to legally pass ti-
tle as against creditors, because, as it is said, the assign·
ment was not recorded as provided by section 2128, which
reads:  "A gift, transfer or assignment of personal prop-
erty between husband and wife shall not be valid as to
third persons, unless the same be in writing, and acknowl-
edged and recorded as chattel mortgages are required by
law to be acknowledged and recorded; but the recording
of any such writing shall not make valid any such gift,
transfer or assignment which is fraudulent or voidable as
to creditors or purchasers."  There is no pretense that the
assignment was acknowledged or recorded.  Counsel for
appellee suggests that this policy of life insurance, or, in-
deed,  any  chose  in  action,  is  intended to be  in-
cluded in section 2128, *supra*, as personal property,
and cites authority holding that a mortgage of choses in ac-
tion are not recordable instruments.  While there is force
in this position, we do not think it necessary to a decision
of this case to determine the question as to what particular
kinds of property are embraced in the term "personal prop-
erty," as used in the statute.  We think the statute meant
to include property of a tangible, substantial nature or
right, having at the time an ascertainable value, and thus
an appreciable part of the husband's estate.  We do not
think the statute includes any mere possibility, expectancy,
or contingency, but its aim and purpose is to cover some
kind of property that, at least, a creditor might subject
by attachment to his debt, or that would pass by a deed of
general assignment for the benefit of creditors.  This poli·
cy, at the date of the assignment, had no surrender value,

—could not have been collected or cashed. There was no appreciable pecuniary value in the policy. It represented no sum for which collection could have been enforced or certainly realized. Under the authority of Barbour's Adm'r v. Larue's Assignee (Ky.) 51 S. W., 5, the policy would not have passed to an assignee for creditors under a deed of general assignment. We therefore conclude that the assignment of this policy did not have to be acknowledged or recorded under section 2128, Kentucky Statutes, to be a valid gift, transfer, or assignment, but that it passed the right to the proceeds to appellee, and she was entitled to collect same for her own benefit.

We are also of opinion that under section 654, supra, the premium paid by decedent, Morehead, for the policy in May, 1895, was paid in fraud of creditors,—at least, this was the effect of the assignment to appellee,—and under that section the creditors are entitled to this premium so paid, with interest. The provision of the section is: "But if the premium on any policy in this section mentioned is paid by any person with intent to defraud his creditors," etc. And while at the time of the payment, in May, 1895, there may have been no intention to defraud creditors, yet the assignment to appellee would have defeated the purpose of this provision, if the amount of this premium be not refunded to the estate. Such a device can not be resorted to to defeat the provisions of this section. We hold that while decedent might lawfully assign to appellee, his wife, the policy in question, and that the proceeds would vest in her, yet this was the same, in effect, as if the policy had originally been taken for her benefit. The creditors of decedent are entitled to an amount equal to the premiums paid. For this error alone the judgment is reversed, and cause remanded, with directions to render judg-

ment for appellant against appellee for the amount paid by decedent in premiums on the policy dated May, 1895, and for proceedings consistent with this opinion.