## Smith's Administratrix v. Milton, et al.

(Decided October 31, 1916.)

Appeal from Daviess Circuit Court.

1. Insurance—Proceeds—Premiums.—Fraudulent Conveyances—Husband and Wife.—Under Kentucky Statutes, section 654, providing that a policy of insurance payable to any married woman shall nure to her separate use and benefit and that of her children, independently of her husband or his creditors, but, if the premium on any such policy is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid, with interest thereon, shall inure to the benefit of said creditors, the proceeds of such policy are not liable for the husband's debts, but only the premiums paid thereon with the intent to defraud his creditors, together with interest.

2. Fraudulent Conveyances—Husband and Wife—Life Insurance—Payment of Premiums—When Fraudulent.—Under Kentucky Statutes, section 654, supra, the mere fact that the husband is insolvent when his wife is designated beneficiary of a paid up policy of insurance, in lieu of his estate, will not render any of the premiums paid thereon liable for his debts. However, his insolvency when the change of beneficiary is made and also when certain premiums are paid, will be sufficient to show that such premiums were paid with the intent to defraud his creditors and will authorize their subjection to his debts.

3. Fraudulent Conveyances—Husband and Wife—Insurance Premiums.—Premiums paid by a husband while solvent on a policy of insurance in favor of his wife cannot be subjected to his debts, although after the policy is paid up, he, while insolvent, designates his wife as beneficiary in lieu of his estate.

FRANK C. MALIN for appellant.

J. J. SWEENEY and W. T. ELLIS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting appeal, affirming on the cross-appeal and reversing on the original appeal.

On January 13th, 1890, William J. Smith secured from the Travelers Insurance Company, of Hartford, Connecticut, a twenty payment life policy for the sum of $5,000.00, payable to his legal representatives or assigns. The annual premium was $113.65. The last annual premium was paid on January 13th, 1910, and the policy was then paid up. On March 21st, 1901, the insured borrowed $675.00 on the policy. On February

1st, 1909, the loan was increased to $1,785.00. On March 14th, 1911, by endorsement on the policy regularly made with the consent of the company, the policy was made payable to Viola W. Smith, the wife of the insured. The insured died on March 22nd, 1912, and, after deducting from the face of the policy the amount of the loans previously made, the balance of $3,215.00 was paid to his widow.

The suit was brought by Viola W. Smith, as administratrix, to settle her deceased husband's estate. Milton and Hamilton, two of the creditors of the decedent, were made defendants. They attacked the change of the beneficiary as being in fraud of their rights. Issue was joined, and on final hearing the chancellor entered judgment subjecting the premiums paid on the policy in 1907, 1908, 1909 and 1910, amounting to $454.60, to the claims of decedent's creditors. From this judgment the administratrix prays an appeal and Milton and Hamilton prosecute a cross-appeal.

Appellant insists that none of the premiums paid on the policy should have been subjected to the debts of the decedent, while appellees contend that either the whole proceeds of the policy or the full amount of the premiums paid thereon should have been subjected.

The case is not controlled by sections 1906 and 1907 of the Kentucky Statutes relating to fraudulent conveyances, or by section 2128 of the Kentucky Statutes requiring transfers of personal property between husband and wife to be acknowledged and recorded in order to be valid as to third persons. It is controlled by section 654 of the Kentucky Statutes, which is as follows:

"A policy of insurance on the life of any person expressed to be for the benefit of, or duly assigned, transferred, or made payable to any married woman, or to any person in trust for her, or for her benefit, by whomsoever such transfer may be made, shall inure to her separate use and benefit, and that of her children, independently of her husband or his creditors, or any other person effecting or transferring the same or his creditors. And a married woman may, without consent of her husband, contract, pay for, take out and hold a policy of insurance upon the life or health of her husband or children, or against loss by his or their disablement by accident, and the premiums paid on any such policy shall be held to have been her separate estate, and such

policy shall likewise inure to her separate use and bene-
fit and that of her children, free from any claim of her
husband or others.   But if the premium on any policy
in this section mentioned is paid by any person with in-
tent to defraud his creditors, an amount equal to the
premium so paid, with interest thereon, shall inure to
the benefit of said creditors, subject, however, to the
statute of limitations.''

Under this section a husband may insure his life in
favor of his wife, or may assign to her a policy thereto-
fore obtained, and such policy will inure to her separate
use and benefit and that of her children, independently
of her husband and his creditors.   However, any prem-
iums paid on such a policy by the husband with intent
to defraud his creditors, together with interest thereon,
may be subjected to the claims of creditors.   In other
words, the creditors have no claim on the proceeds of
the policy as such.   They can subject to their debts only
the premiums paid thereon with intent to defraud cred-
itors.   Clearly, therefore, if the husband be solvent when
all the premiums on a paid up policy are paid, the mere
fact that he is insolvent when his wife is designated bene-
ficiary in lieu of his estate will not render the premiums
paid thereon liable for his debts.   However, if he be in-
solvent when the change of beneficiary is made and also
when certain premiums are paid, this will be sufficient
to show that such premiums were paid with the intent
to defraud his creditors and will authorize their subjec-
tion to his debts.   Levy's Admr. v. Globe Bank & Trust
Company, 143 Ky. 690; Morehead, etc. v. Mayfield, 109
Ky. 51.   But clearly the creditors cannot subject any
premiums paid when the husband was solvent, for, if
solvent, he would have the right to apply his money for
that purpose.   The evidence in this case shows that the
decedent was insolvent when his wife was designated
beneficiary, and that such had been his financial condi-
tion for some time prior thereto.   Indeed we may safely
say that he was insolvent when the 1908 premium was
paid.   But back of that time and before appellees' debt
was created, the evidence is not sufficiently convincing
to justify the conclusion that decedent was insolvent.   It
follows that the premium paid in 1907 should not have
been subjected to the claims of creditors.   In other re-
spects the judgment is proper.

Wherefore the appeal is granted, and the judgment on the cross-appeal is affirmed. On the original appeal the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.