## Wallins National Bank v. Turner.

(Decided October 28, 1927.)

### Appeal from Harlan Circuit Court.

1.  Exemptions.—Ky. Stats., section 1697, relative to exemptions from attachment, allowed a housekeeper with a family, should be construed liberally.

2.  Exemptions.—A housekeeper's right to exemption, under Ky. Stats., section 1697, attaches to the proceeds of insurance upon exempted furniture when it is burned.

3.  Exemptions.—Where the insurance proceeds on destroyed personal property, exempt under Ky. Stats., section 1697, are attached, such part of the proceeds as represents property replaced by the debtor prior to judgment is not exempt from creditors' claims.

4.  Exemptions.—Where personal property, exempt under Ky. Stats., section 1697, from creditors' claims is destroyed, then proceeds are attached, and owner has not supplied himself with corresponding specific articles at the time of judgment, he is entitled to an exemption in the insurance proceeds of such property to the value of such specific articles, not exceeding the limited valuation in the statute.

LEE & SNYDER for appellant.

FORESTER & CARTER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellee and defendant below, S. W. Turner, executed his note to appellant and plaintiff below, Wallins National Bank, for the sum of $983.70. In this action, filed in the Harlan circuit court by plaintiff to recover the amount of the note, it attached by garnishee process $1,000 in the hands of a fire insurance company, alleged to be due from it to defendant for the destruction by fire of certain household goods and furniture upon which the defendant carried insurance, and which by answer, he claimed, was exempt to him as a housekeeper with a family, under the provisions of section 1697 of our present Statutes. Defendant's claim that the attached fund was exempt to him, and for that reason not subject to the payment of plaintiff's debt, or any part of it, was resisted by the latter upon the grounds (1) that, although the property before its destruction may have been exempt to defendant under the statute, yet it does not follow that the same right of exemptions attached to the insurance carried thereon after it was destroyed by fire; but if mistaken in that position, then (2) that at the time of the trial and the rendition of the judgment plaintiff had acquired and paid for other household furniture without in any manner anticipating the proceeds from the fire insurance policy, and that he could not claim such proceeds in lieu of the statutory exemptions when he was then supplied with other corresponding articles. The court at the trial of the issues thus raised denied both of plaintiff's contentions and adjudged the entire proceeds of the insurance policy as exempt, and from that judgment plaintiff prosecutes this appeal.

Exemption statutes have always been regarded as founded in a sound public policy, the purpose of which was to allow the housekeeper with a family to retain certain property (a homestead in real property and desig-

nated personalty necessary for housekeeping) free from molestation or appropriation by creditors, to the end that he and his family would thereby be extended an opportunity of self-support and not become a burden upon the public. 11 R. C. L. 489, par. 1, and 25 C. J. 8 par. 2. They have therefore always been liberally construed so as to carry out the purposes of their enactment.

Following that liberal rule we held in the cases of Bernheim Bros. & Uri v. Davitt, 5 S. W. 193, 9 Ky. Law Rep. 229, and Rulo v. Murphy & Co., 51 S. W. 312, 21 Ky. Law Rep. 295, that the proceeds of a fire insurance policy on a homestead of the debtor would be exempt to him the same as the homestead itself, provided it was within a reasonable time reinvested in another homestead. The question as to whether that same principle would apply as to the proceeds of a fire insurance policy on exempt personal property does not seem to have been heretofore before this court. An effort is therefore made by counsel for plaintiff in this case to draw a distinction between such proceeds of fire insurance policies on the two classes of exempt property, but which we are unable to grasp. The same logic that would uphold the exemptions to the insurance proceeds in the one case would likewise uphold it in the other, and the text in Corpus Juris, supra, 84, par. 140, and in R. C. L. supra, p. 532, par. 45, announces the rule that the right of exemptions of the proceeds of destroyed exempt personalty exists the same as it does to the proceeds of destroyed exempt realty. It is thus expressed in the first publication referred to:

"Although, there is authority to the contrary, it is very generally held that, when exempt property is destroyed by fire, the proceeds of a policy of insurance thereon are exempt."

The latter publication thus states the rule:

"While there is strong authority for the proposition that the amount due on the proceeds of an insurance policy covering exempt property which has been injured or destroyed does not partake of the exempt character of the property, the reverse of this is apparently the better and more reasonable rule. The exemption should persist until a reasonable time at least has elapsed to enable the insured to replace the property destroyed with property of a similar nature. The object of the insurance, it is

true, is not to protect the insured property. It is, however, to procure the means by which such property can be replaced if destroyed.''

But few courts hold to the contrary, and it would appear that in such jurisdictions the exemption does not attach to the insurance proceeds of either class of exempt property, but which, we have seen, is not true in this jurisdiction as to homestead real estate exemptions. We therefore conclude that the court correctly determined ground (1), supra, adversely to plaintiff.

The determination of ground (2) above raises the preliminary question as to what particular time or times must the facts exist to entitle the debtor to his exemptions; *i. e.*, whether they should exist at the time the property was *sought* to be appropriated by the commencement of proper court procedure, or at the time of the adjudged appropriation or nonappropriation as evidence by the judgment, or should the status of the debtor as housekeeper exist towards the property at both of such dates? It is easy to imagine a case where at the time of the creation of the fund sought to be appropriated by the creditor, or at the time of its acquisition by the debtor, the latter would be entitled to claim his exemptions, but before judgment a change would occur in the status of the debtor disentitling him to the exemptions; an illustration of which would be a case where at the time of the filing of the action the debtor would be a housekeeper with a family, but before trial and final adjudication he might cease to be such because of facts thereafter arising, and at the time of the adjudication and consequent appropriation of the property thereby the debtor would not sustain such relationship to it as to entitle him to claim exemptions. Furthermore, the public purpose back of the public policy as the foundation of such statutes does not require such a construction of exemption statutes as will entitle the debtor to duplicate exemptions, so to speak, but which would happen if, as in this case, defendant was adjudged as exempt to him the entire proceeds of the insurance policy, and at that time he also owned and possessed the same character of exempted personal property which was devoted by him for the purpose intended by the statute, and all of which was paid for and acquired without anticipating the proceeds

of the insurance on the original exempted personalty owned by him. Neither such a construction nor the application of such a principle in the administration of the exemption laws is called for by the most liberal rules of interpretation. Our conclusion, therefore, is that the debtor under such a state of facts should be entitled to the claimed exemptions as determinable from the facts at the time the appropriation of the property was actually made by judgment. But whether his exemption rights would be affected by other facts existing at any time prior thereto, it is not necessary to now determine. It follows, therefore, that defendant is not entitled to retain under the facts of this case any part of the proceeds of any of the destroyed property which he has subsequently substituted by the acquisition of other articles corresponding therewith.

On the other hand, if he has not supplied himself with corresponding specific destroyed articles which were exempt at the time of the destruction, he is entitled to the value of such specific articles, not exceeding the limited valuation in the statute, if any. The correct judgment in this case therefore would be to ascertain the value of destroyed specific exempted articles, not later substituted by acquired similar ones, and allow such valuations to defendant out of the attached fund. The remainder of the fund, representing destroyed articles that were later substituted by other acquired ones in the manner indicated, should be applied to the payment of plaintiff's debt to the amount thereof. The evidence taken in the case is not sufficient to enable us to determine the facts in accordance with above principles, and upon a return of the case each party will be allowed to introduce additional proof on the involved issues.

Wherefore the judgment is reversed, with directions to set it aside and for proceedings consistent with this opinion.