## Harr, Secretary of Banking et al., Appellants, v. Gerton et al.

Argued October 15, 1936.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Sylvan H. Hirsch,* with him *Herbert P. Sundheim,*
Special Deputy Attorneys General, *John Adams, Jr.,*
and *Charles J. Margiotti,* Attorney General, for appel-
lants.

*Leonard A. Gottlieb,* for appellees.

OPINION BY CUNNINGHAM, J., December 17, 1936:
In this appeal by the plaintiffs from an order of the
court below dissolving an attachment sur judgment
no facts are in dispute.

In June, 1933, Freida Gerton was the owner of prop-
erties at Nos. 2206-08-10-18-20-22 Nassau Street, Phila-
delphia, and she and her husband, Morris, had given
to Magna Building & Loan Association their bond in

the sum of $4,200 secured by a first mortgage on these properties and also another bond, in the same amount, secured by a second mortgage. On June 28, 1933, the obligee, by virtue of a warrant of attorney contained in the bond accompanying the second mortgage, confessed judgment thereon at No. 4374 June Term, 1933, of the court below, in the amount of $4,384.60. Upon this judgment the Magna Building & Loan Association issued an attachment execution and attached certain shares of stock belonging to the Gertons in the Quality-Arcade Building & Loan Association. Some of the shares attached had been assigned by Freida Gerton to a third party. An amicable settlement of the controversy which arose out of the attaching of the shares in the Quality-Arcade Building & Loan Association was arrived at between all the parties and placed in writing under date of September 26, 1935.

By its terms Magna Building & Loan Association agreed, for the considerations therein set forth, to discontinue its attachment proceedings and to execute "two releases of mortgage releasing premises 2206 and 2218 Nassau Street from the lien of the two mortgages held by it." It also agreed "to execute a release of the judgment [above mentioned] releasing the said premises 2206 and 2218 Nassau Street" and further "to enter on the bond accompanying [the first] mortgage a release of said premises," as well as to "assign and transfer to Freida Gerton, or her nominee, the present leases held by it" upon these two properties.

As to the premises 2206 and 2218 Nassau Street, it was expressly agreed by the association that they "are no longer subject to any attachment, levy or execution by [it] and are not liable for any debt due [it] by the said Morris Gerton and Freida, his wife, whatsoever." The releases agreed upon were duly executed and recorded as to the mortgages and filed as to the judgment.

Prior to these transactions, viz., on November 2, 1927, the Fire Association of Philadelphia had issued to Freida Gerton its policy insuring her, as owner of the six properties above mentioned, against loss by fire for a term ending November 2, 1937, to the extent of $1,400 on each property.

At the time of the settlement, the policy, with the usual mortgagee clause attached thereto, was in the possession of Magna Building & Loan Association, but it endorsed on the clause, under date of September 26, 1935, (the date of the agreement) "We have no further interest in premises 2206 and 2218 Nassau Street" and delivered the policy to the Gertons on December 18, 1935. In the meantime, on December 4, of that year, the premises 2218 and 2220 Nassau Street, were damaged by fire. In this appeal we are concerned only with No. 2218. The loss on that property was adjusted with Freida Gerton at $800. Before payment of this amount to her had been completed, an attachment sur judgment was issued by the Secretary of Banking and his deputy on December 20, 1935, (the association having passed into his hands on the 19th) upon the judgment entered as above stated at No. 4374 June Term, 1933, upon the bond accompanying the second mortgage, and the Fire Association of Philadelphia was summoned as garnishee.

On March 9, 1936, Freida Gerton presented her petition setting forth in detail the facts above summarized and obtained a rule to show cause why the attachment should not be dissolved. No answer was filed as the petition accurately set forth the conceded facts. When the matter came before the court below on petition and rule the latter was made absolute in an opinion by BROWN, JR., J. The present appeal is by the Secretary of Banking and his deputy from that order.

The question now involved is whether, under all the facts stated in the petition and under the terms of the

agreement of September 26, 1935, the proceeds of the fire insurance policy upon the premises at No. 2218 Nassau Street were exempt from attachment under the judgment, the lien of which had been released as to that property.

Counsel for appellants, conceding that the real estate itself and any proceeds arising from its sale and any rentals accruing thereon are exempt, contend that the proceeds of the insurance policy, payable to one of the defendants in the judgment, may be attached just as any other funds due her from any source might be attached. They argue that the insurance contract was a purely personal one with the insured to indemnify her against such damage to her property as was sustained in this instance and that such a contract does not attach to or run with the property insured, unless expressly so stipulated. They cite such cases as *The Olyphant Lumber Co., to use, v. Peoples' Mutual Live Stock Insurance Co. of Phila.,* 4 Pa. Superior Ct. 100, and *King v. Lancaster Co. M. I. Co.,* 45 Pa. Superior Ct. 464. They assert that the endorsement of the association upon the mortgagee clause has no special significance, because, having released the property from the liens of its mortgages, it no longer had an insurable interest therein and could have recovered nothing for the damage to the premises.

In brief, they say only the *premises* and any proceeds from their sale or leasing were "no longer subject to any attachment, levy or execution" or "liable for any debt whatsoever" due the association, and that appellants may proceed upon their unsatisfied judgment against any property or funds of either appellee, other than the released premises and any proceeds thereof.

Counsel for appellees replies that the parties have, by their written agreement and by their conduct pursuant thereto, taken this case out of the operation of the general principles contended for by appellants.

It is suggested that the use of the word "attachment" in the text of the agreement, considered in connection with the purpose and scope of the settlement, and with the endorsement made by the association, on the date of the agreement, upon the mortgagee clause, justifies the inference that the exemption of any proceeds from the fire insurance policy, (as well as rentals) was within the contemplation of the parties. As to the construction placed upon the agreement by the conduct of the parties, it is to be noted that the averment in the petition to the effect that the policy was delivered to appellees "pursuant to the said agreement" is not denied by appellants. Appellees' position is that the endorsement upon the mortgagee clause was not placed there merely because the association no longer had an insurable interest in the property, but because it had received full consideration, under the agreement, for exempting any proceeds of the policy from any claim under its judgment. Attention is also directed to the significant fact that the association delivered the policy to appellees fourteen days after the premises had been damaged by fire. The effect of appellees' argument is that, under the particular circumstances of this case, the premises were exempted from execution and attachment as fully as if the exemption had arisen under Debtor's Exemption Statutes, and that the proceeds of the policy stand in the place of the portion of the premises destroyed by the fire. Counsel upon both sides discuss cases under such statutes—counsel for appellants arguing for the application of the minority rule and counsel for appellees contending for the majority rule. Under the latter, it has frequently been held that where exempt personal property has been destroyed by fire the proceeds of insurance thereon are also exempt: 8 Couch on Insurance, Sec. 1930. In *Wallins National Bank v. Turner,* 221 Ky. 562, 299 S. W. 194, 63 A. L. R. 1290, it was held that no distinc-

tion in principle can be made between the proceeds of insurance on exempt personal property and exempt real property.

It is unnecessary. for us to align ourselves with either view in disposing of this case, since we feel that the language of the agreement, and the actions of the parties thereunder, indicate an intention upon their part that the proceeds of the policy, in case of fire, should also be free from any subsequent attachment.

While we do not agree with all the reasons stated by the court below for its conclusion that the association had, by its agreement and subsequent actions, exempted the proceeds of the policy from attachment under its judgment, we are not convinced that the order dissolving the attachment was erroneous.

Order affirmed.